UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:10-CR-00026-H

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MALIK JAMAL FOREMAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's motions to compel the Government to provide certain discovery [DE-28, 29, 30, 31, 32, 33 & 34] and for leave to file further pre-trial motions [DE-35]. The Government has responded [DE-36 & 38], and the matters are now ripe for decision.

I. **Motions to Produce Confidential Informant and to Disclose Witnesses [DE-28 & 29]**

Defendant seeks immediate disclosure of the identity and whereabouts of the confidential informant involved in the investigation of Defendant and to compel his production. Defendant likewise seeks immediate production of the Government's witness list. The Government objects that is not compelled to make these disclosures at this time, but agrees to provide the identity of any witnesses, including the confidential informant, one week before trial. Therefore, the issue here is not whether the information should be disclosed, but when it should be disclosed.

"Absent a special showing of need, the government in a criminal case has no duty to provide the names or whereabouts of its witnesses." *United States v. Swain*, 2008 WL 717720, at *3 (E.D.N.C. March 17, 2008) (citing *United States v. Anderson*, 481 F.2d 685, 693 (4th Cir. 1973)). The burden is on the defendant to establish the need for disclosure before the

government's intended release of the information. *Rugendorf v. United States*, 376 U.S. 528, 534-35 (1964); *United States v. Blevins*, 960 F.2d 1252, 1258-59 (4th Cir. 1992). Defendant must "come forward with something more than speculation as to the usefulness of such disclosure." *United States v. Smith*, 780 F.2d 1102, 1108 (4th Cir. 1985) (en banc). "One of the most important factors to be considered is the materiality of the evidence to the defendant's particular defense." *Id.* (citing *United States v. Grisham*, 748 F.2d 460, 463 (8th Cir. 1984); *United States v. Barnes*, 486 F.2d 776, 778 (8th Cir.1973)).

Defendant's asserted reasons for seeking early disclosure are (1) that it is difficult for Defendant to prepare a defense to the conspiracy charge without knowing the identity of the individuals he allegedly conspired with; (2) that "[c]ritical, dispositive evidence in this case will likely flow from anecdotal testimony of one or more other alleged participants in or witnesses to the alleged transactions;" (3) that the witnesses may be in control of the Government and not available to Defendant for investigation and interview; (4) that Defendant pled guilty and accepted responsibility for his actions; (5) that the Government's evidence disclosed to date is insufficient to support the conspiracy charge; and (6) that the Government has not disclosed the identity or location of the informant. Def.'s Mot. at 3-4 [DE-29]. The justifications posited by Defendant mirror the considerations relied on by the court the case of *United States v. Stroop*, 121 F.R.D. 269, 275-76 (E.D.N.C. 1988), where the court granted early disclosure. However, *Stroop* is distinguishable in that the *Stroop* court found that the important governmental interests regarding intimidation of witnesses, subornation of perjury, and physical harm to potential witnesses were not at issue in that type of case, as opposed to, for example, a narcotics case that would generally pose serious witness security concerns. *Id.* at 275.

2

In the present case, Defendant is charged with conspiracy to distribute more than 50 grams of crack cocaine. Accordingly, the governmental interest in witness security is strong. Furthermore, the Government stated that it has provided 421 pages of discovery and ten CDs "containing numerous audio recordings and video recordings relating to the charges set forth in the Indictment, which identify potential witnesses." Gov't's Resp. at 3 [DE-38]. Finally, the Court finds Defendant's asserted need to be the same general concerns that would apply in any conspiracy case and, therefore, Defendant has failed to make the requisite special showing of need. Accordingly, the Court concludes that the Government's disclosure of its witness list one week prior to trial is sufficient and the Defendant's request for immediate disclosure is **DENIED**.

With respect to disclosure of the confidential informant's identity, the Court must apply a balancing test, weighing "the public interest in protecting the flow of information against the individual's right to prepare his defense" and "taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro v. United States*, 353 U.S. 53, 62 (1957); *Blevins*, 960 F.2d at 1258. "The court must analyze the CI's role in the investigation in order to decide whether to require disclosure. Where the CI acted as a 'mere tipster,' the government need not disclose the informant's identity; however, where the CI actively participated in the crime, disclosure may be required." *Swain*, 2008 WL 717720, at *4 (citing *United States v. Price*, 783 F.2d 1132, 1138-39 (4th Cir.1986); *McLawhorn v. North Carolina*, 484 F.2d 1, 4-5 (4th Cir.1973)). "The decision of whether the testimony of the informer will be relevant and helpful is usually within the trial judge's discretion." *Smith*, 780 F.2d at 1108 (citing *United States v. Soles*, 482 F.2d 105, 109 (2d Cir.1973)).

In the present case, it appears that the confidential informant allegedly made a controlled purchase from Defendant and, therefore, was an active participant in the crime. However, Defendant has not articulated any *particularized* need for the identity of the informant with respect to the crime charged, the possible defenses, the possible significance of the informer's testimony, or any other factors. Defendant's asserted reason for seeking early disclosure is the general need to "test the informant's credibility, ascertain his general relationship to others charged herein, discover the entire scope of his meetings, conversations and contacts with the principals herein, and to investigate the informant's allegations." Def.'s Mot. at 4 [DE-28]. Again, these would appear to be the same general concerns that would apply in any conspiracy case. Consequently, Defendant has not met his burden under *Roviaro* and is not entitled to immediate disclosure of the identity of the Government's confidential informant, and the Court concludes that the Government's disclosure of the informant's identity one week prior to trial is sufficient. The Defendant's request for immediate disclosure is **DENIED**.

With respect to the request that the Government produce the confidential informant at trial, the Government did not specifically respond. There is generally no obligation for the Government to produce confidential informants at trial. *Renzi v. Commonwealth of Va.*, 794 F.2d 155, 159 n.* (4th Cir. 1986). However, once the informant's presence has been properly requested by the defendant, the Government bears the obligation to exert reasonable efforts to produce the informant. *Id.* It appears that the confidential informant may be a witness for the Government at trial, as the Government agreed to "provide the Defendant with the identity of any witnesses it intends to call at trial, *including the identity of the confidential informant(s)*[.]" Gov't's Resp. at 2 [DE-38]. Furthermore, Defendant believes the confidential informant is in the

4

custody of the U.S. Marshal awaiting sentencing in federal court, so that Defendant could easily ascertain his or her whereabouts and procure his or her attendance at trial. Nevertheless, the Defendant having now requested the confidential informant's presence at trial, the Government is **ORDERED** to make reasonable efforts to produce the informant in the event the Defendant is unable to procure his attendance by ordinary means. Accordingly, Defendant's motion to produce the confidential informant at trial is **GRANTED**.

In summary, Defendant's motion to compel immediate disclosure of the confidential informant's identity and produce him at trial [DE-28] is **GRANTED IN PART AND DENIED IN PART**, and Defendant's motion to compel immediate disclosure of the Government's witness list [DE-29] is **DENIED**.

## II. Motion for Early Production of Jencks Material [DE-30]

Defendant seeks early disclosure of Jencks material. The Jencks Act, 18 U.S.C. § 3500, provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of . . . discovery . . . until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). The Act further specifies the scope of production:

> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.

18 U.S.C. § 3500(b). "The district court may not require the government to produce Jencks material relating to one of its witnesses until after the witness has testified." *United States v. Lewis*, 35 F.3d 148, 151 (4th Cir. 1994). Accordingly, Defendant is not entitled to Jencks material at this time and his motion is **DENIED**.

5

Case 2:10-cr-00026-H Document 40 Filed 02/15/11 Page 5 of 11

## III. Motion for Notice of Intent to Use 404(b) Evidence [DE-31]

Defendant seeks disclosure of any 404(b) evidence that the Government intends to introduce at trial. Under Rule 404(b) of the Federal Rules of Evidence, the government is permitted to introduce at trial evidence of other crimes, wrongs, or acts not charged in the indictment for certain limited purposes. However, upon request by the defendant, the government must "provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). Consequently, a defendant is not entitled to immediate production by the government of evidence of specific instances of conduct that it intends to introduce at trial, but is entitled to reasonable notice before trial of the government's intent to introduce 404(b) evidence and its general nature. The Government indicated that it is not aware of any information that it would intend to introduce pursuant to Rule 404, but will advise Defendant should such information arise.

Accordingly, Defendant's motion is **DENIED AS MOOT**. However, the Government is reminded of its obligation to disclose its intent to introduce 404(b) evidence and the general nature of any such evidence, should such intent arise, no later than seven (7) days before trial.

## IV. Motion to Preserve Evidence [DE-32]

Defendant asks the Court to order the Government to preserve all "evidence, tangible paper, handwritten notes, tape recordings, transcripts, objects or other information that relates, even remotely, to this case," including information sought in the instant discovery motions, notes of government agents who may be witnesses or participate in interviews of potential witnesses, evidence subject to disclosure under the Federal Rules, and Jencks material. The Government responded that rough notes are not potentially discoverable under the Federal Rules or the Jencks

6

Act, but that the Government will preserve and turn over all potentially discoverable evidence as required by law.

The government has a general requirement to preserve evidence that may be subject to disclosure rules. *See Chavis v. North Carolina*, 637 F.2d 213, 222-23 (4th Cir. 1980); *see generally* Jencks Act, 18 U.S.C. § 3500 (testifying witnesses' prior statements upon motion of defense); *Giglio v. United States*, 405 U.S. 150 (1972) (evidence that may impeach a testifying government witness upon defense request); *Brady v. Maryland*, 373 U.S. 83 (1963) (exculpatory evidence upon defense request). The Jencks Act generally does not require the production of handwritten or rough notes of a law enforcement agent, especially those later incorporated into a formal report. *United States v. Hinton*, 719 F.2d 711, 722 (4th Cir. 1983); *United States v. King*, 121 F.R.D. 277, 279 (E.D.N.C. 1988*); see also United States v. Roseboro*, 87 F.3d 642, 644 (4th Cir. 1996) (holding that an FBI agent's notes and a prepared "Form 302 Report" are not subject to disclosure under the Jencks Act). Nevertheless, a need for these documents could arise at trial. *See King*, 121 F.R.D. at 279 (ordering preservation of rough notes without pre-trial production because such notes could contain relevant impeachment material).

Accordingly, Defendant's motion to preserve evidence, including rough notes is **GRANTED**, and the Government is **ORDERED** to retain the rough notes of its agents in this matter until after exhaustion of all appeal rights.

### V. Motions for Inculpatory Statements of Alleged Co-Conspirators [DE-33] and to Disclose Promises and Inducements [DE-34]

Defendant seeks to compel the Government to produce all inculpatory statements of Defendant and his co-conspirators and to disclose the existence of any promises or inducements

to prospective Government witnesses. Defendant also seeks disclosure of impeachment evidence regarding prospective Government witnesses.

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, the government is required to disclose evidence that is "both favorable to the accused and 'material either to guilt or to punishment.'" *United States v. Bagley*, 473 U.S. 667, 674 (1985) (quoting *Brady*, 373 U.S. at 87). That requirement includes disclosure of evidence that could potentially be used to impeach or discredit a government witness. *Giglio v. United States*, 405 U.S. 150, 154 (1972). Accordingly, the government must disclose all plea agreements and promises of leniency, immunity, or other similar inducements to testify that have been given to witnesses. *United States v. Stroop*, 121 F.R.D. 269, 274 (E.D.N.C. 1988). Although a specific mandate on the timing of these disclosures has not been established, the Fourth Circuit has held that there is no violation of due process so long as the government discloses exculpatory and impeachment evidence to a defendant "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985). The Government has indicated that it is aware of its *Brady* and *Giglio* obligations, that it will comply with such obligations, and that it is unaware of any exculpatory evidence, but will advise Defendant should such information arise.

With respect to statements of co-conspirators, the Jencks Act governs the production of statements made by co-conspirators or co-defendants who will testify at trial. 18 U.S.C. § 3500; *United States v. Roberts*, 811 F.2d 257, 258-59 (4th Cir. 1987) (en banc) (per curiam). As explained above, the Court may not require early production of Jencks material. *Lewis*, 35 F.3d at 151. As for inculpatory statements of defendant, Rule 16(a)(1)(A) and (B) of the Federal Rules of Criminal Procedure govern production of certain statements made by a defendant. To

the extent that the Government has statements falling within Rule 16(a)(1)(A) or (B), the Government shall produce them no later than **February 21, 2011**.

Accordingly, Defendant's motion for inculpatory statements of alleged co-conspirators and defendant [DE-33] is **GRANTED IN PART AND DENIED IN PART**, and Defendant's motion to disclose promises and inducements [DE-34] is **DENIED AS MOOT**. However, the Government is reminded of its ongoing obligation to produce any additional *Brady* or *Giglio* material, should such information arise, no later than seven (7) days prior to trial.

## VI. Motion for Leave to File Further Pre-Trial Motions [DE-35]

The deadline to file pre-trial motions was October 8, 2011, and the motion to extend time was filed on January 13, 2011. Accordingly, pursuant to Rule 45(b)(1)(B) of the Federal Rules of Criminal Procedure, Defendant must establish excusable neglect for failing to request an extension of time prior to expiration of the filing deadline. Courts consider the following factors in evaluating whether excusable neglect exists: "(1) the danger of prejudice to the non-moving party, (2) the length of delay in filing the motion and the impact on judicial proceedings, (3) the reason for the delay, including whether it was in the reasonable control of the moving party, and (4) whether the moving party acted in good faith." *United States v. Tiari El*, No. 3:03CR219-MU, 2008 WL 5255799, at *1 (W.D.N.C. Dec. 16, 2008) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd.*, 113 S.Ct. 1489, 1498 (1993)).

Defendant pled guilty only to Count Two of the Indictment (the substantive count) and pled not guilty to Count One of the Indictment (the conspiracy count). Defendant contends that he did not seek an extension of the deadline earlier because he anticipated entering into a plea agreement with the Government on both counts that would avoid trial. The Government contends that it never offered Defendant an opportunity to plead to the substantive count, that the

9

Case 2:10-cr-00026-H Document 40 Filed 02/15/11 Page 9 of 11

only plea offered was as to the conspiracy count, and that if Defendant did not accept that plea offer the matter would go to trial. The Government opposes the motion to file further pre-trial motions.

Prior to the Court's ruling on the discovery motions addressed herein, it was reasonable that Defendant would seek to preserve his right to file further pretrial motions that could flow from additional discovery obtained by the motions  The Court has now denied all but one of Defendant's substantive pretrial discovery requests, and it appears that there is little or no new information that will be produced as a result of these motions that Defendant did not have prior to their filing. Furthermore, this matter is currently set for trial on March 14, 2011, approximately one month from now. The factors of length and reason for delay weigh strongly in favor of denying the request. The Court finds no bad faith in the filing of the motion, and the Government, while objecting to the motion, has not argued that it will be prejudiced by the extension. While the Court finds this a close call, in an abundance of caution, the motion for leave to file further pretrial motions is **GRANTED**, and Defendant shall file any additional pretrial motions no later than **February 25, 2011**. The Government shall file any response no later than **March 4, 2011**.

## CONCLUSION

(1) Defendant's motion to compel immediate disclosure of the confidential informant's identity and produce him at trial [DE-28] is **GRANTED IN PART AND DENIED IN PART**, and Defendant's motion to compel immediate disclosure of the Government's witness list [DE-29] is **DENIED**;

(2) Defendant's motion for early production of Jencks material [DE-30] is **DENIED**;

(3) Defendant's motion for disclosure of 404(b) evidence [DE-31] is **DENIED AS MOOT**;

(4) Defendant's motion to preserve evidence [DE-32] is **GRANTED**;

(5) Defendant's motion for inculpatory statements of alleged co-conspirators and defendant [DE-33] is **GRANTED IN PART AND DENIED IN PART**;

(6) Defendant's motion to disclose promises and inducements [DE-34] is **DENIED AS MOOT**;

(7) Defendant's motion for leave to file further pretrial motions [DE-35] is **GRANTED**, and Defendant shall file any additional pretrial motions no later than **February 25, 2011** and the Government shall respond no later than **March 4, 2011**.

This the 15th day of February, 2011.

DAVID W. DANIEL
UNITED STATES MAGISTRATE JUDGE